1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11
12

CARMEN JOHN PALMIERI,
CDCR # V-19689

Plaintiff,

13
14

vs.

15
16
17

SUPERIOR COURT OF SAN DIEGO
COUNTY, et al.,

Defendants.

18
19

Civil        13cv550-MMA (DHB)
No.

**ORDER:**

**(1)  GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS***; AND**

**(2)  DISMISSING ACTION FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE AND FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)  & 1915A(b)**

20
21
22
23
24

    Plaintiff, a state inmate currently incarcerated at California Men's Colony in San Luis Obispo, California, and proceeding *pro se*, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  (ECF No. 2.)

25

**I.    MOTION TO PROCEED IFP**

26
27
28

    All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure

to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C.
§ 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007);
*Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Prisoners granted leave to
proceed IFP however, remain obligated to pay the entire fee in installments, regardless
of whether the action is ultimately dismissed for any reason.  *See* 28 U.S.C. §§
1915(b)(1) & 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28
U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account
statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  Plaintiff's
trust account statement shows that he has insufficient funds from which to pay an
initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP, (ECF No.
2), and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the
Court further orders the Secretary of the California Department of Corrections and
Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in
this case, collect and forward them  to the Clerk of the Court pursuant to the
installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. §
1915 also obligate the Court to review complaints filed by all persons proceeding IFP
and by those, like Plaintiff, who are "incarcerated or detained in any facility [and]
accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or
the terms or conditions of parole, probation, pretrial release, or diversionary program,"
"as soon as practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2)(B) and
1915A(b).  Under these provisions, the Court must sua sponte dismiss any prisoner
civil action and all other IFP complaints, or any portions thereof, which are frivolous,
malicious, fail to state a claim, or which seek damages from defendants who are
immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122,

13cv550

1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

First, to the extent that Plaintiff is seeking money damages based on rulings made by San Diego Superior Court Judges, these Defendants[1] are absolutely immune. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Therefore, as Superior Court Judges for the State of California, these Defendants have absolute immunity from civil proceedings relating to these actions, which were performed within their judicial discretion.

Second, to the extent that he is challenging the rulings made by the San Diego Superior Court Judges in how the receivership of his companies were handled, he cannot state a viable § 1983 claim. Throughout his Complaint, Plaintiff is claiming constitutional violations arising from the rulings made by San Diego Superior Court Judges. The *Rooker-Feldman* doctrine provides that "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)), *cert. denied*, 119 S.Ct. 868 (1999); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 & 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

Review of state court decisions may only be conducted in the United States Supreme Court. *Feldman*, 460 U.S. at 476 & 486; *Rooker*, 263 U.S. at 416; *see* 28 U.S.C. § 1257. The *Rooker-Feldman* jurisdictional bar applies even if the complaint raises federal constitutional issues. *Feldman*, 460 U.S. at 483 n.16 & 486; *Henrichs v. Valley View Development*, 474 F.3d 609, 613 (9th Cir. 2007). More specifically, the

---

[1] Plaintiff has named "Superior Court of San Diego County" as a Defendant. The Court has construed this to be a claim against the various San Diego Superior Court Judges Plaintiff has identified throughout the Complaint.

1  bar applies if the challenge to the state court decision is brought as a § 1983 civil

2  rights action alleging violations of due process and equal protection.  *See Branson v.*

3  *Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *Worldwide Church of God v. McNair*, 805

4  F.2d 888, 893 n.4 (9th Cir. 1986).

5        A complaint challenges a state court decision if the constitutional claims

6  presented to the district court are "inextricably intertwined" with the state court's

7  decision in a judicial proceeding.  *Feldman*, 460 U.S. at 483 n.16.  "[T]he federal

8  claim is inextricably intertwined with the state court judgment if the federal claim

9  succeeds only to the extent that the state court wrongly decided the issues before it."

10  *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring); *see also*

11  *Worldwide Church of God*, 805 F.2d at 891-92.

12        Because Plaintiff appears to seek this Court's assistance in overturning orders

13  made by San Diego Superior Court Judges, his claims are inextricably intertwined

14  with the state court proceedings, and are barred by the *Rooker-Feldman* doctrine.

15        Plaintiff also seeks to hold liable the Superior Court of San Diego County as a

16  whole for the actions claimed in his Complaint.  However, an agency or department of

17  a municipal entity is not a proper defendant under § 1983.  *Vance v. County of Santa*

18  *Clara*, 928 F.Supp. 993, 996 (N.D. Cal. 1996).  Rather, the County itself is the proper

19  defendant.  *See id.*  "[A] municipality cannot be held liable solely because it employs

20  a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on

21  a respondeat superior theory."  *Monell v. Department of Social Services*, 436 U.S.

22  658, 691 (1978).

23        A municipality may be liable under § 1983 for monetary, declaratory, or

24  injunctive relief where a constitutional deprivation was caused by the implementation

25  or execution of "a policy statement, ordinance, regulation, or decision officially

26  adopted and promulgated by that body's officers."  *Monell*, 436 U.S. at 690; *Board of*

27  *the County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) ("[A] plaintiff must

28  show that the municipal action was taken with the requisite degree of culpability and

must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

Thus, to plead liability on behalf of the County, Plaintiff must allege:  (1) he was deprived of a constitutional right; (2) the County had a policy; (3) the policy amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy was the "moving force behind the constitutional violation."  *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996);  *Brown*, 520 U.S. at 404; *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  Put another way, in order to state a § 1983 claim against the County of San Diego, Plaintiff must allege facts showing that his injury was caused by individual county officers whose conduct both violated the constitution and conformed to an official county policy, custom or practice.  *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988).  All these things he has failed to do.

Plaintiff's claims for money damages also challenge the validity of his criminal conviction. In order to recover damages for an allegedly unconstitutional conviction, Plaintiff must show that his criminal conviction has already been invalidated.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at 489), *cert. denied*, 124 S. Ct. 2388 (2004).

*Heck*  holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck*, 512 U.S. at 486-87.  A claim for damages challenging the legality of a conviction or sentence that has not been so invalidated is not cognizable.  *Id.* at 487; *Edwards v.*

*Balisok*, 520 U.S. 641, 643 (1997).

In *Heck*, the Supreme Court held that:

> when a state prisoner seeks damages in a section 1983 suit, the district court must consider *whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487 (emphasis added). An action that is barred by *Heck* should be dismissed for failure to state a claim without prejudice to Plaintiff's right to file a new action if he succeeds in invalidating his conviction. *Edwards*, 520 U.S. at 649.

Here, Plaintiff's claims "necessarily imply the invalidity" of his criminal conviction. *Heck*, 512 U.S. at 487. Accordingly, because Plaintiff seeks damages for an allegedly unconstitutional criminal conviction and because he has not alleged that his conviction has already been invalidated, a claim for damages has not yet accrued. *See Heck*, 512 U.S. at 489-90.

Finally, to the extent that Plaintiff is seeking to bring claims under California state law, the Court declines to exercise supplemental jurisdiction over these pendent state claims at this time because Plaintiff cannot identify a violation of federal law. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."); *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) ("[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary.")

For all these reasons, the Court finds that Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which relief can be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C.

1   §§ 1915(e)(2)(B) and 1915A(b).  *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d

2   at 446 n.1.

3   **III.    CONCLUSION AND ORDER**

4   Good cause appearing, **IT IS HEREBY ORDERED**:

5   1.    Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF

6   No. 2) is **GRANTED**.

7   2.    The Secretary of California Department of Corrections and

8   Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the

9   $350 balance of the filing fee owed in this case by collecting monthly payments from

10  the account in an amount equal to twenty percent (20%) of the preceding month's

11  income and forward payments to the Clerk of the Court each time the amount in the

12  account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS

13  SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED

14  TO THIS ACTION.

15  3.    The Clerk of the Court is directed to serve a copy of this Order on Jeffrey

16  Beard, Secretary, California Department of Corrections and Rehabilitation, 1515 S

17  Street, Suite 502, Sacramento, California 95814.

18  **IT IS FURTHER ORDERED** that:

19  4.    Plaintiff's Complaint is **DISMISSED** without  prejudice for failing to

20  state a claim upon which relief may be granted and for seeking monetary damages

21  against an immune defendant.  *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b).

22  5.    Plaintiff is **GRANTED** forty-five (45) days leave from the date this Order

23  is filed in which to file a First Amended Complaint which cures all the deficiencies of

24  pleading noted above.  Plaintiff's Amended Complaint must be complete in itself

25  without reference to his original Complaint.  *See* S.D. CAL. CIVLR 15.1.  Defendants

26  not named and all claims not re-alleged in the Amended Complaint will be considered

27  waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  If Plaintiff fails to file

28  an Amended Complaint within 45 days, this action shall remain dismissed without

13cv550

1    further Order by the Court.

2        6.      The Clerk of Court is directed to mail Plaintiff a copy of a Court

3    approved § 1983 civil rights complaint.

4

       **IT IS SO ORDERED.**

5

DATED:  March 21, 2013

6

7                                  Hon. Michael M. Anello

8                                  United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28