# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN JOHN PALMIERI,<br>CDCR # V-19689<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SUPERIOR COURT OF SAN DIEGO COUNTY; COMMISSIONER JAN LYNN OWEN, Dep't of Corporations; JAMES K. OPENSHAW, Former Corporations Counsel; COMMISSIONER DAVE JONES, Dep't of Insurance; MINERVA LOPEZ, Insurance Investigator; CHARLES LABELLA, Receiver; LABELLA and McNAMARA, LLP; Does 1 - 100,<br><br>　　　　　　　　　　Defendants. | Civil No. 13cv0550 MMA (DHB)<br><br>**ORDER DISMISSING ACTION FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE AND FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

**I.  PROCEDURAL HISTORY**

On March 5, 2013, Plaintiff, a state inmate currently incarcerated at California Men's Colony in San Luis Obispo, California, and proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  (ECF No. 2.)

On March 21, 2013, this Court granted Plaintiff's Motion to Proceed IFP but *sua sponte* dismissed his Complaint for failing to state a claim and for seeking monetary damages from immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). (ECF No. 4 at 7-8.) Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified in the Court's Order. (*Id.* at 8.) On April 30, 2013, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 5.)

## II.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must *sua sponte* dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

### A.   Eleventh Amendment

Plaintiff seeks to hold the California Department of Corporations, Department of Insurance and various officials within those departments liable for money damages. However, "the State and arms of the State ... are not subject to suit under § 1983 in either federal court or state court." *Howlett v. Rose*, 496 U.S. 356, 365 (1990). Hence, neither can be sued for damages under section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64, 71 n.10 (1989). The State of California, the California Department of Insurance and Corporations and state officials sued in their official capacity are entitled to absolute immunity from monetary damages actions under the Eleventh Amendment. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53-54 (1996).

### B. Statute of Limitations

Plaintiff alleges that his civil rights were violated by Defendants in 2002. (ECF No. 5 at 1.) Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two years. *Id.* (citing CAL. CIV. PROC. CODE § 335.1).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Hardin v. Staub*, 490 U.S. 536, 543-44 (1989) (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391; *see also Maldonado*, 370 F.3d at 955 ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.").

Here, Plaintiff seeks to hold Defendants liable for events which occurred between 2002 and 2008. (ECF No. 5 at 1-10.) Thus, Plaintiff would have reason to believe that his constitutional rights were violated five to eleven years ago. *Id.*; *see also Maldonado*, 370 F.3d at 955. However, Plaintiff did not file his Complaint in this case until March 5, 2013, which exceeds California's statute of limitation. *See* CAL. CODE CIV. PROC. § 335.1; *Jones*, 393 F.3d at 927. Plaintiff does not allege any facts to suggest how or why California's two-year statute of limitations might be tolled for a period of time which would make his claims timely. *See, e.g.*, CAL. CODE CIV. P. § 352.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (finding that CAL. CODE CIV. P. § 352.1 tolls a California prisoner's personal injury claims accruing before January

1, 1995 for two years, or until January 1, 1995, whichever occurs later, unless application of the statute would result in a "manifest injustice.").

Pursuant to *Fink*, a portion of Plaintiff's claims against Defendants, accruing in 2002 to 2008, would be tolled for two years. California's two-year statute of limitations would then begin to run -- requiring Plaintiff to file this action against these Defendants no later than from 2006 to 2012. Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). Under California law, however, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) the defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); *Fink*, 192 F.3d at 916. Here, however, Plaintiff has failed to plead any facts which, if proved, would support the equitable tolling of his claims. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993). Thus, Plaintiff's claims against Defendants must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because it appears from the face of the pleading that Plaintiff's claims are time-barred. *Cervantes*, 5 F.3d at 1277.

For all these reasons, the Court finds that Plaintiff's First Amended Complaint must be dismissed *sua sponte* for failing to state a claim upon which relief can be granted and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446 n.1.

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted and for seeking monetary damages against an immune defendant. *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b). In addition, the Court finds further amendment would be futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment

would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

**IT IS FURTHER CERTIFIED** that an IFP appeal from this final order of dismissal would not appear to be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: May 14, 2013

Hon. Michael M. Anello
United States District Judge